**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | CR 05-864-PCT-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Johnny Chee, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    The court has before it Chee's "Motion to Dismiss and/or Consolidate Counts 5, 6, 7, 8 Re: Multiplicity" (doc. 163), and the government's response (doc.176).

    Chee contends that counts 5 and 7 should be turned into a single count and as a consequence, counts 6 and 8 would be turned into a single weapons count as well. Count 5 alleges that Chee assaulted Federal Officer Manns. Count 7 alleges that Chee assaulted Federal Officer Sayegh. Count 6 is the weapons count attached to count 5. Count 8 is the weapons count attached to count 7. Thus, if Chee is correct, there would be a single assault on a federal officer count and a single weapons count. Chee argues that "[t]he only difference between counts 5 and 7 are the names of the alleged victims." Motion at 7. Concluding that we needed more factual allegations to properly rule on the motion, we ordered the United States to file a response and focused its attention on *Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209 (1958). (Doc. 172). The government's written response

1  (doc. 176), shows that the government intends to prove that there is far more than the names
2  of the alleged victims that differentiate counts 5 and 7. The government contends that the
3  evidence will show that this is not a case of Chee committing one act against two victims but,
4  instead, a case in which Chee committed separate acts against the two victims. Thus,
5  whether counts 5 and 7 are one or two crimes will depend upon the evidence presented at
6  trial. If the government produces the evidence detailed in its response, then all four counts
7  will go to the jury.

8  We note for the record that we acknowledge that the defendant's motion to dismiss
9  and/or consolidate counts 5, 6, 7, and 8, raises an issue not addressed by the defendant's
10  "Motion to Dismiss and/or Consolidate Counts Re: Multiplicity" (doc. 12), and the
11  "Defendant's Motion to Dismiss" (doc. 81). Defendant's "Motion to Dismiss and/or
12  Consolidate Counts Re: Multiplicity (doc.12) did not draw into question the predicate
13  offenses, but only the multiple weapons charges. We thus denied it because "each of the four
14  weapons counts relates to a single separate offense alleged against the defendant." (Doc. 18).

15  Nor did the defendant's " Motion to Dismiss" (doc. 81) address the issue presented
16  in the instant Motion to Dismiss. We granted that motion to dismiss counts 1 through 4
17  because those counts were covered by counts 5, 6, 7, and 8 and therefore the Assimilative
18  Crimes Act did not apply (doc 114).

19  Based upon the government's proffer of evidence, IT IS ORDERED DENYING the
20  defendant's "Motion to Dismiss and/or Consolidate Counts 5, 6, 7, 8 Re: Multiplicity" (doc.
21  163). This, of course, is without prejudice to the right of the defendant to reurge it at the
22  close of government's case.

23  DATED this 9th day of August, 2007.

Frederick J. Martone
Frederick J. Martone
United States District Judge